# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

BRENDON BARTON,
ADC #152031                                                                                          PLAINTIFF

v.                              Case No. 4:20-cv-1450-KGB-BD/ERE

KENYON RANDALL,[1] *et al*.                                                                DEFENDANTS

## ORDER

Before the Court are ten Partial Recommended Dispositions and a Recommended Disposition (collectively, "Recommendations") submitted by United States Magistrate Judge Beth Deere[2] and United States Magistrate Judge Edie R. Ervin (Dkt. Nos. 7, 40, 56, 59, 64, 69, 75, 88, 106, 115, 129). Plaintiff Brendon Barton has filed written objections to five of the Partial Recommended Dispositions (Dkt. Nos. 41, 57, 62, 68, 76), but he has not filed written objections as to the other five Partial Recommended Dispositions or the Recommended Disposition. The time for filing objections to the Recommendations has passed.

After careful consideration of the Recommendations and all objections thereto, and after a *de novo* review of the entire record, the Court adopts the Recommendations as the Court's findings of fact and conclusions of law in all respects (Dkt. Nos. 7, 40, 56, 59, 64, 69, 75, 88, 106, 115, 129).

---

[1] The Clerk is instructed to update the docket sheet to reflect the correct spelling of defendant Randle's first name.

[2] Judge Deere retired during the pendency of this action. As a result, on May 28, 2021, the Clerk's Office reassigned the referral of this case to Judge Ervin (Dkt. No. 55).

I.      **Judge Deere's January 28, 2021, Partial Recommended Disposition**

In her January 28, 2021, Partial Recommended Disposition, Judge Deere screened Mr. Barton's complaint and amended complaint pursuant to 28 U.S.C. § 1915(a) (Dkt. No. 7). Judge Deere found that Mr. Barton had stated adequately the following claims for purposes of screening:

(1) retaliation claims against defendants Major Kenyon Randall, Sergeant Cynthia Gaines,[3] Sergeant Spillman, Sergeant Woodrow Davis,[4] Property Supervisor Sanders, Captain John Spears,[5] Lieutenant Sheila Mathews,[6] Classification Officer Deanne Jackson,[7] Warden Aundrea Culclager,[8] Sergeant Williams, and Officer Smith;

(2) failure-to-protect claims against defendants Gaines, Corporal Kiara Wilson, Corporal A. Adams, Sergeant Gurley, Corporal Alsopp, Corporal "Property" Broughton, Corporal B. Fletcher, and Lieutenant Dora Blount;[9]

(3) deliberate-indifference claims against defendants Mental Health Counselor Andrae Campbell[10] and Mental Health Counselor Bruce Warren;[11] and

(4) failure-to-train claims against defendants Deputy Director Dexter Payne and Director Wendy Kelley.[12]

(*Id.*, at 1–2).

---

[3] The Clerk is instructed to update the docket sheet to reflect defendant Gaines's full name: Cynthia Gaines.

[4] The Clerk is instructed to update the docket sheet to reflect defendant Davis's full name: Woodrow Davis.

[5] The Clerk is instructed to update the docket sheet to reflect defendant Spears's full name: John Spears.

[6] The Clerk is instructed to update the docket sheet to reflect defendant Mathews's full name: Sheila Mathews.

[7] The Clerk is instructed to update the docket sheet to reflect defendant Jackson's full name: Deanne Jackson.

[8] The Clerk is instructed to update the docket sheet to reflect defendant Culclager's full name: Aundrea Culclager.

[9] The Clerk is instructed to update the docket sheet to reflect defendant Blount's full name: Dora Blount.

[10] The Clerk is instructed to update the docket sheet to reflect defendant Campbell's full name: Andrae Campbell.

[11] The Clerk is instructed to update the docket sheet to reflect defendant Warren's full name: Bruce Warren.

[12] The Clerk is instructed to update the docket sheet to reflect the correct spelling of defendant Kelley's surname.

Judge Deere recommends that Mr. Barton's claims against separate defendants Jefferson and Bass be dismissed without prejudice for failure to state a claim upon which relief may be granted (*Id.*, at 2).  Mr. Barton submitted a written filing stating that he has no objection to the January 28, 2021, Partial Recommended Disposition (Dkt. No. 8).

After careful consideration, the Court concludes that the January 28, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 7).  The Court dismisses without prejudice Mr. Barton's claims against defendants Jefferson and Bass.

## II.   Judge Deere's March 16, 2021, Partial Recommended Disposition

In her March 16, 2021, Partial Recommended Disposition, Judge Deere recommends that Mr. Barton's claims against the unidentified Doe defendants be dismissed without prejudice (Dkt. No. 40).  Judge Deere found that at no time since filing his complaint has Mr. Barton moved to amend to name the Doe defendants and that the time for serving the Doe defendants has expired (*Id.*, at 2).

In his objections, Mr. Barton asserts that the Doe defendants "all played a role in violating [his] civil rights." (Dkt. No. 41, at 2).  Mr. Barton lists Corporal Wilson, Officer Adams, Officer Smith, and Sergeant Williams, and he reiterates his allegations with respect to each of these individuals (*Id.*, at 2–3).  Having reviewed the record *de novo*, the Court observes that Corporal Wilson, Officer Adams, Officer Smith, and Sergeant Williams are all named defendants in Mr. Barton's complaint and amended complaint (Dkt. Nos. 1, 4).  To the extent that Mr. Barton objects to the dismissal of separate defendants Wilson, Adams, Smith, and Williams, the Court clarifies that Judge Deere's March 16, 2021, Partial Recommended Disposition, does not recommend the dismissal of these defendants.

Further, the Court notes that Mr. Barton in his complaint described the Doe defendants as a "Chaplain" in the Tucker Maximum Security Unit (Dkt. No. 1, at 3), the "Head of Nursing" (*id.*, at 5), and a "Sergeant" (*Id.*, at 6). Given Mr. Barton's characterization of the Doe defendants in his complaint and his description of separate defendants Wilson, Adams, Smith, and Williams, the Court does not understand Mr. Barton to object on the basis that he has identified the Doe defendants.

Mr. Barton was notified on December 14, 2020, of his obligation to identify the Doe defendants so that the Court could order service of process (Dkt. No. 2). As Judge Deere noted in the March 16, 2021, Partial Recommended Disposition, Mr. Barton has failed to identify the Doe defendants for service of process to date, and the time for serving the Doe defendants has expired (Dkt. No. 40 at 2). Upon a *de novo* review of the record, the Court finds that Mr. Barton's objections fail to rebut Judge Deere's March 16, 2021, Partial Recommended Disposition.

After careful consideration of the March 16, 2021, Partial Recommended Disposition, Mr. Barton's objections, and a *de novo* review of the record, the Court concludes that the March 16, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 40). The Court dismisses without prejudice Mr. Barton's claims against the Doe defendants. *See* Fed. R. Civ. P. 4(m).

### III.   Judge Ervin's June 3, 2021, Partial Recommended Disposition

In her June 3, 2021, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendants Broughton and Spillman be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 56). Mr. Barton filed objections (Dkt. No. 57). In his objections, Mr. Barton maintains that defendants Broughton and Spillman

are integral to his claims, and he asserts that he has "made every attempt [he] could have possibly made to have these defendants served." (*Id.*, at 3).

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P. 4(m). As Judge Ervin correctly noted, it is the responsibility of a prisoner proceeding *pro se* and *in forma pauperis* to provide the Court with a proper service address for each defendant. (Dkt No. 56, at 2 (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam), *cert denied*, 510 U.S. 875 (1993)).

Here, Mr. Barton filed his amended complaint on January 25, 2021 (Dkt. No. 5). Summonses were issued as to defendants Broughton and Spillman on January 28, 2021, and forwarded the U.S. Marshal Service ("USMS") for service through the Arkansas Division of Correction ("ADC") Compliance Division (Dkt. No. 6). On March 3, 2021, both summonses were returned unexecuted (Dkt. Nos. 22, 26). Summonses were reissued as to defendants Broughton and Spillman on March 4, 2021, and forwarded to the USMS for service. Both summonses were again returned unexecuted (Dkt. Nos 42, 45). By Orders entered April 7, 2021, and April 9, 2021, Judge Deere notified Mr. Barton that the two summonses issued as to defendants Broughton and Spillman had been returned unexecuted and reminded Mr. Barton of his responsibility to provide the Court with addresses where each of the defendants could be served with process (Dkt. Nos. 44, 46). Judge Deere further advised Mr. Barton that if service of defendants Broughton and Spillman

5

was not completed by May 28, 2021, defendants Broughton and Spillman may be dismissed from this lawsuit (*Id.*).

To date, Mr. Barton has failed to provide the Court with valid service addresses for defendants Broughton or Spillman, and the time under the Federal Rules of Civil Procedure for serving these defendants has expired (Dkt. No. 56, at 2). The Court acknowledges Mr. Barton's limitations, as an incarcerated person, in prosecuting this lawsuit. However, it is ultimately Mr. Barton's responsibility to provide the Court with a proper address for service. *See Armontrout*, 991 F.2d at 489. Mr. Barton has been unable to do so.

After careful consideration of the June 3, 2021, Partial Recommended Disposition, Mr. Barton's objections, and a *de novo* review of the record, the Court concludes that the June 3, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 56). The Court dismisses without prejudice Mr. Barton's claims against defendants Broughton and Spillman. *See* Fed. R. Civ. P. 4(m).

**IV.   Judge Ervin's June 21, 2021, Partial Recommended Disposition**

In her June 21, 2021, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendant Fletcher be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 59). Mr. Barton filed objections (Dkt. No. 62). In his objections, Mr. Barton states that defendant Fletcher's spouse is a correctional sergeant in Pine Bluff "who could assist in finding a proper service address." (*Id.*, at 2). Mr. Barton does not otherwise provide any substantive information from which the Court can glean a valid service address for defendant Fletcher.

The record before the Court indicates that a summons was issued for defendant Fletcher on January 28, 2021, and forwarded the USMS for service through the ADC Compliance Division

(Dkt. No. 6). The summons was returned unexecuted on March 3, 2021 (Dkt. Nos. 21). On March 4, 2021, Judge Deere directed the Clerk of Court to prepare a new summons for defendant Fletcher based on information submitted under seal by ADC officials regarding defendant Fletcher's last-known address (Dkt. No. 27). A summons was reissued for defendant Fletcher that same date and forwarded to the USMS for service. The second summons was again returned unexecuted (Dkt. No. 50). By Order entered May 7, 2021, Judge Deere notified Mr. Barton that the two summonses issued as to defendant Fletcher had been returned unexecuted and reminded Mr. Barton of his responsibility to provide the Court with a proper address where defendant Fletcher could be served with process (Dkt. No. 51). Judge Deere further advised Mr. Barton that if service on defendant Fletcher was not completed by June 18, 2021, then defendant Fletcher may be dismissed from the lawsuit (*Id.*).

To date, Mr. Barton has failed to notify the Court of a valid service address for defendant Fletcher, and the time under the Federal Rules of Civil Procedure for serving defendant Fletcher has expired. The Court acknowledges Mr. Barton's limitations, as an incarcerated person, in prosecuting this lawsuit. However, it is ultimately Mr. Barton's responsibility to provide the Court with a proper address for service. *See Armontrout*, 991 F.2d at 489. Mr. Barton has been unable to do so.

After careful consideration of the June 21, 2021, Partial Recommended Disposition, Mr. Barton's objections, and a *de novo* review of the record, the Court concludes that the June 21, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 59). The Court dismisses without prejudice Mr. Barton's claims against defendant Fletcher. *See* Fed. R. Civ. P. 4(m).

## V.  Judge Ervin's August 2, 2021, Partial Recommended Disposition

In her August 2, 2021, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendant Alsopp be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 64).  Mr. Barton filed what was titled as an "Answer To Partial Recommended Disposition" but docketed as objections (Dkt. No. 68).  In that filing, Mr. Barton represents that he "has made every attempt to provide a valid service address for defendant Alsopp[,]" including "attempts to understand how [to submit a discovery request]." (*Id.*, at 2).  Mr. Barton represents, however, that he has no objection to the dismissal of defendant Alsopp (*Id.*).

After careful consideration, the Court concludes that the August 2, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. 64).  The Court dismisses without prejudice Mr. Barton's claims against defendant Alsopp.  *See* Fed. R. Civ. P. 4(m).

## VI.  Judge Ervin's September 7, 2021, Partial Recommended Disposition

In her September 7, 2021, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendant Gurley be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 69).  Mr. Barton has not filed any objections, and the time for filing objections has passed.  After careful consideration, the Court concludes that the September 7, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 69).  The Court dismisses without prejudice Mr. Barton's claims against defendant Gurley.  *See* Fed. R. Civ. P. 4(m).

### VII.  Judge Ervin's October 26, 2021, Partial Recommended Disposition

In her October 26, 2021, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendant Sanders be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 75). Mr. Barton filed what was titled as a "Response to Order" but docketed as objections (Dkt. No. 76). In that filing, Mr. Barton represents that he has "attempted to provide as much information as possible to serve defendant C. Sanders." (*Id.*, at 1). Mr. Barton in his filing does not otherwise object to the dismissal of defendant Sanders.

After careful consideration, the Court concludes that the October 26, 2021, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. 75). The Court dismisses without prejudice Mr. Barton's claims against defendant Sanders. *See* Fed. R. Civ. P. 4(m).

### VIII.  Judge Ervin's February 28, 2022, Partial Recommended Disposition

In her February 28, 2022, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendants Adams, Smith, and Williams be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 88). Judge Ervin noted that Mr. Barton in his February 25, 2022, filing informed the Court that he does not know the full names or addresses of defendants Adams, Smith, or Williams and, as a result, that he does oppose the dismissal of his claims against these three defendants (*Id.*, at 2 (citing Dkt. No. 87)). Mr. Barton has not filed any objections, and the time for filing objections has passed. After careful consideration, the Court concludes that the February 28, 2022, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 88). The Court dismisses without prejudice Mr. Barton's claims against defendants Adams, Smith, and Williams. *See* Fed. R. Civ. P. 4(m).

### IX. Judge Ervin's June 27, 2022, Partial Recommended Disposition

In her June 27, 2022, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendant Wilson be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 106). Mr. Barton has not filed any objections, and the time for filing objections has passed. After careful consideration, the Court concludes that the June 27, 2022, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 106). The Court dismisses without prejudice Mr. Barton's claims against defendant Wilson. *See* Fed. R. Civ. P. 4(m).

### X. Judge Ervin's September 12, 2022, Partial Recommended Disposition

In her September 12, 2022, Partial Recommended Disposition, Judge Ervin recommends that Mr. Barton's claims against separate defendant Shelisa Harris[13] be dismissed without prejudice for failure to timely effect service of process (Dkt. No. 115). Mr. Barton has not filed any objections, and the time for filing objections has passed. After careful consideration, the Court concludes that the September 12, 2022, Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 115). The Court dismisses without prejudice Mr. Barton's claims against defendant Harris. *See* Fed. R. Civ. P. 4(m).

### XI. Judge Ervin's February 27, 2023, Recommended Disposition

In her February 27, 2023, Recommended Disposition, Judge Ervin recommends that separate defendants Randall, Gaines, Campbell, Davis, Payne, Warren, Spears, Mathews, Jackson, Kelley, Culclager, and Blount's (hereinafter, "remaining defendants") amended motion for

---

[13] On May 7, 2021, Judge Deere granted Mr. Barton's motion for leave to add Shelisa Harris as a party defendant and directed the Clerk to file Mr. Barton's motion as a supplement to his amended complaint (Dkt. No. 51).

10

summary judgment on the issue of exhaustion be granted (Dkt. No. 129). Mr. Barton has not filed any objections, and the time for filing objections has passed. After careful consideration, the Court concludes that the February 27, 2023, Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 129).

Accordingly, the Court grants the remaining defendants' amended motion for summary judgment on the issue of exhaustion (Dkt. No. 124). Mr. Barton's remaining claims against the remaining defendants are dismissed without prejudice based on his failure to exhaust his administrative remedies. The Court denies as moot the remaining defendant's motion for summary judgment (Dkt. No. 121).

**XII.   Conclusion**

For the reasons stated herein, the Court adopts the Recommendations as the Court's findings of fact and conclusions of law in all respects (Dkt. Nos. 7, 40, 56, 59, 64, 69, 75, 88, 106, 115, 129). It is therefore ordered that:

1. The Court dismisses without prejudice Mr. Barton's claims against defendants Jefferson and Bass, and the Court dismisses without prejudice defendants Jefferson and Bass as parties to this action.

2. The Court dismisses without prejudice Mr. Barton's claims against the Doe defendants, and the Court dismisses without prejudice the Doe defendants as parties to this action.

3. The Court dismisses without prejudice Mr. Barton's claims against defendants Broughton and Spillman, and the Court dismisses without prejudice defendants Broughton and Spillman as parties to this action.

4. The Court dismisses without prejudice Mr. Barton's claims against defendant Fletcher, and the Court dismisses without prejudice defendant Fletcher as a party to this action.

5. The Court dismisses without prejudice Mr. Barton's claims against defendant Alsopp, and the Court dismisses without prejudice defendant Alsopp as a party to this action.

6. The Court dismisses without prejudice Mr. Barton's claims against defendant Gurley, and the Court dismisses without prejudice defendant Gurley as a party to this action.

7. The Court dismisses without prejudice Mr. Barton's claims against defendant Sanders, and the Court dismisses without prejudice defendant Sanders as a party to this action.

8. The Court dismisses without prejudice Mr. Barton's claims against defendants Adams, Smith, and Williams, and the Court dismisses without prejudice defendants Adams, Smith, and Williams as parties to this action.

9. The Court dismisses without prejudice Mr. Barton's claims against defendant Wilson, and the Court dismisses without prejudice defendant Wilson as a party to this action.

10. The Court dismisses without prejudice Mr. Barton's claims against defendant Harris, and the Court dismisses without prejudice defendant Harris as a party to this action.

11. The Court grants the remaining defendants' amended motion for summary judgment on the issue of exhaustion (Dkt. No. 124).

12. Mr. Barton's remaining claims against the remaining defendants Randall, Gaines, Campbell, Davis, Payne, Warren, Spears, Mathews, Jackson, Kelley, Culclager, and Blount are dismissed without prejudice based on his failure to exhaust his administrative remedies, and the Court dismisses without prejudice the remaining defendants Randall, Gaines, Campbell, Davis, Payne, Warren, Spears, Mathews, Jackson, Kelley, Culclager, and Blount as parties to this action.

13. The Court denies as moot the remaining defendant's motion for summary judgment (Dkt. No. 121).

14. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

It is so ordered this 21st day of September, 2023.

_____
Kristine G. Baker
United States District Judge